IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Pamela J. Williams,

    Plaintiff,

    v.

Aetna Better Health of Ohio,

    Defendant.

Case No. 2:23-cv-2985
Judge James L. Graham

## Opinion and Order

Plaintiff Pamela J. Williams brings this tort action for breach of fiduciary duty relating to defendant Aetna Better Health of Ohio's denial of Medicare benefits. This matter is before the Court on Aetna's motion to dismiss the claim as preempted by the Medicare Act. The Court grants the motion to dismiss for the reasons stated below.

**I.    Background**

Plaintiff's two-page Amended Complaint contains just nine numbered allegations. It alleges that Williams, age 69 years, is a dual-eligible Medicare-Medicaid recipient whose benefits are administered by Aetna Better Health of Ohio. *See* Am. Compl., ¶ 1 The Complaint further alleges that Williams has several medical conditions, including quadriplegia, and suffers from pressure sores. *Id.*, ¶¶ 2–3. In December 2020, Williams applied to Aetna "for the purchase of a Group 4 power wheelchair." *Id.*, ¶ 4. The application was initially denied, but later granted on appeal after a hearing before an administrative law judge. *Id.*, ¶ 4.

According to the Complaint, from "2019 through 2021, defendant denied almost every request made by plaintiff for payment of medical and pharmaceutical care prescribed by her medical providers." *Id.*, ¶ 6. The Complaint does not provide any further factual allegations regarding Aetna's alleged denials of plaintiff's requests for payment.

The Complaint next alleges that Aetna intentionally, recklessly, and negligently, "in violation of federal and state laws and regulations, and without reasonable justification, denied and/or delayed

1

payment for requested, prescribed, and medically necessary treatment, care, services, drugs, and assistive devices, including a Group 4 wheelchair." *Id.*, ¶ 7.

Plaintiff asserts a single cause of action for breach of fiduciary duty under state law. Aetna allegedly breached its duty "by failing to act in good faith in administering, processing and paying plaintiffs benefits." *Id.*, ¶ 8. Plaintiff seeks compensation for expenses associated with medical care and for pain and suffering. *Id.*, ¶ 9.

This case was originally filed in state court. Aetna removed the action to federal court on the grounds that Williams was enrolled in Aetna's Medicare-Medicaid Plan and that any challenges to benefits decisions must be brought under the Medicare Act, 42 U.S.C. § 405(g).

**II.     Standard of Review**

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When considering a motion under Rule 12(b)(6) to dismiss a pleading for failure to state a claim, a court must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court should construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Iqbal,* 556 U.S. at 679; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Twombly*, 550 U.S. at 555-56.

A court should determine whether the well-pleaded allegations "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Though "[s]pecific facts are not necessary," *Erickson*, 551 U.S. at 93, and though Rule 8 "does not impose a probability requirement at the pleading stage," *Twombly*, 550 U.S. at 556, the factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-56. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2

**III.** **Discussion**

    **I.** **Introduction**

Aetna moves to dismiss the Complaint, arguing that plaintiff's breach of fiduciary claim is preempted by the Medicare Act. Plaintiff counters that she is not challenging any particular benefits decision. She argues that her claim is strictly a state law tort claim for breach of fiduciary duty based on "Aetna's bad faith in administering her benefits." Doc. 13., pp. 1–2. In particular, she contends that Aetna engaged in a "pattern of wrongfully denying plaintiff coverage" from 2019 through 2021 and failed to administer benefits to plaintiff "within a reasonable time." *Id.*, pp. 3–4.

The Court finds that the Medicare Act does apply to the situation at hand. The Complaint alleges that Williams, a 69 year-old quadriplegic, is "a dual-eligible Medicare-Medicaid recipient" under a benefits plan administered by Aetna Better Health of Ohio. Am. Compl., ¶ 1. The Complaint contains no further allegations about the nature of the benefits plan, but in light of the allegations and in light of Aetna being a private entity, it is clear enough to the Court that the plan at issue must be governed by Medicare laws, including Part C of the Medicare Act. *See generally Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 675 (9th Cir. 2022) ("In 1997, Congress enacted Part C of the Act, creating the Medicare Advantage program. 42 U.S.C. §§ 1395w-21–29. Under Part C, beneficiaries can enroll in an MA [Medicare Advantage] plan and receive Medicare benefits through private MA organizations instead of the government. *Id.*").

Attached to the motion to dismiss is Aetna's Plan Handbook for its Better Health of Ohio "MyCare Ohio plan (Medicare-Medicaid Plan)." Doc. 12-1. The Handbook confirms what appears to be obvious from the Complaint – that the Plan is one governed by Medicare and Medicaid laws.[1]

The Complaint alleges that Aetna denied Williams's claims for both medical and pharmaceutical care. Parts C and D of Medicare (relating to Medicare Advantage plans and to prescription drug plans) impose the same rule of preemption:

> The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part.

---

[1] In response to the motion to dismiss, plaintiff does not dispute that the Plan Handbook represents the Plan of which she is a member and the document which governs her Plan benefits. The Court may consider the Plan Handbook for the limited purpose of confirming that the Plan administered by Aetna is a Medicare-Medicaid plan. *See Thomas v. Publishers Clearing House, Inc.*, 29 Fed. App'x 319, 322 (6th Cir. 2002) ("Where the plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading.") (internal quotation marks omitted).

42 U.S.C. § 1395w–26(b)(3); *see also* 42 C.F.R. § 423.440(a) (adopting the same language for Part D: "The standards established under this part supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) for Part D plans offered by Part D plan sponsors."). It is well-accepted that common law claims are encompassed in the preemption rule's scope of "any State law or regulation." *See, e.g.*, *Williams v. Allegheny Cnty.*, No. 2:21-CV-656, 2023 WL 4238892, at *8 (W.D. Pa. June 28, 2023) ("The language 'any State law or regulation'—with no qualifying provisions—reflects an intent to include common law claims.").

To determine whether a state law claim is preempted, a court examines whether the standards applicable to the dispute or subject are "established under" Medicare. If so, the state law claim is preempted. *See Aylward v. SelectHealth, Inc.*, 35 F.4th 673, 680 (9th Cir. 2022) ("The plain language of the provision thus provides that, in order to determine whether a claim is preempted, we must identify whether there is a relevant 'standard[ ] established under [Part C]' with preemptive effect.").

    **B.**    **Breach of Fiduciary Duty Based on Wrongful Denial of Coverage**

As pleaded in the Complaint and argued in plaintiff's response brief, Aetna allegedly breached a fiduciary duty to Williams in two ways. First, Aetna "without justification" denied her claims for coverage of medical and pharmaceutical care. Am. Compl., ¶ 7; *see also* Doc. 13, p. 3 (arguing that Aetna "wrongfully den[ied] plaintiff coverage" of her claims from 2019 to 2021). The Court concludes that a claim for breach of fiduciary duty premised on Aetna's denial of coverage is preempted by the Medicare Act. The Medicare Act, and the regulations promulgated thereunder provide the standards by which Medicare Advantage organizations, like Aetna, are to evaluate and pay claims for services under a Medicare benefits plan. *See, e.g.*, 42 U.S.C. § 1395y(a)(1)(A) (generally precluding coverage for services that "are not reasonable and necessary for the diagnosis or treatment of illness or injury"); 42 C.F.R § 422.100 (outlining services which are covered and benefits which must be provided); 42 C.F.R § 422.101 (requirements relating to basic benefits) ; 42 C.F.R § 422.102 (requirements relating to supplemental benefits); 42 C.F.R § 423.104 (requirements relating to prescription drug coverage).

Plaintiff's claim that Aetna wrongfully denied coverage directly implicates the Medicare Act's standards for coverage. Plaintiff's attempt to evaluate Aetna's decisions to deny coverage under state law standards governing a fiduciary's duty of care must be rejected. *See Williams*, No. 2:21-CV-656, 2023 WL 4238892, at *8 (holding that a claim for breach of good faith and fair dealing was preempted because it was "premised on the allegation that Aetna wrongfully denied [plaintiff]

4

coverage" and Aetna was not subject to obligations "beyond its obligation to comply with the Medicare Act"). An individual who has been denied coverage cannot use a tort or breach of contract claim as "a backdoor attempt to enforce the Act's requirements and to secure a remedy for [the Medicare Advantage organization's] alleged failure to provide benefits." *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1143 (9th Cir. 2010). *See also Haaland v. Presbyterian Health Plan, Inc.*, 292 F.Supp.3d 1222, 1231 (D.N.M. 2018) ("Plaintiffs' state law claims are preempted by federal regulations that required [defendant] to make coverage determinations through application of the medical necessity standard. . . .. Even a claim that a Medicare Advantage organization wrongfully applied or wholly disregarded the medical necessity standard is still a claim alleging conduct that was governed by federal Medicare standards."); *Hepstall v. Humana Health Plan, Inc.*, No. CV 18-0163-JB-MU, 2018 WL 6588555, at *7 (S.D. Ala. Nov. 26, 2018) (holding that bad faith failure to pay claim was preempted because "coverage determinations are governed by standards set forth in regulations promulgated by CMS [Centers for Medicare and Medicaid Services] pursuant to the Medicare Act").

**C.    Breach of Fiduciary Duty Based on Delay in Processing Plaintiff's Claims**

The second way in which Aetna allegedly breached a fiduciary duty was by failing to timely process plaintiff's claims for benefits. *See* Am. Compl., ¶ 7; Doc. 13, p. 4 (arguing that Aetna failed to administer benefits "within a reasonable time"). Plaintiff alleges that Aetna's delay in processing her claims resulted in the worsening of her medical conditions.

The Court finds that this claim too is preempted. Medicare regulations contain numerous provisions governing the timeliness of payments and of coverage determinations for medical services and prescription drugs. *See, e.g.*, 42 C.F.R. §§ 422.520, 422.566, 422.568, 423.572, 422.590, 422.619, 423.520, 423.566, 423.568, 423.572, 423.590. Plaintiff's claim would have the Court evaluate Aetna's processing of claims not according to Medicare timeframes but by reference to a common law "reasonable time" standard. As such, the breach of fiduciary duty claim is preempted. *See Alston v. United Healthcare Services, Inc.*, 291 F.Supp.3d 1170, 1173-75 (D. Mont. 2018) (holding that plaintiff's claims for negligence, intentional infliction of emotional distress, and breach of contract which arose from defendant's alleged failure to make a timely coverage decision, thereby exacerbating his medical condition, were preempted by the Medicare Act).

**D.    Summary**

Plaintiff's claims for breach of fiduciary duty are preempted. Her legal challenges to Aetna's handling of her claims arise under the Medicare Act. As such, they are subject to administrative exhaustion requirements. *See* 42 U.S.C. § 1395w–22(g); 42 U.S.C. § 405(g), (h). Judicial review of

5

claims arising under the Medicare Act is prohibited "absent exhaustion of available administrative remedies." *Giesse v. Sec'y of Dep't of Health & Hum. Servs.*, 522 F.3d 697, 703 (6th Cir. 2008).

There is no dispute that, with one exception, plaintiff has failed to allege or demonstrate that she exhausted her administrative remedies with respect to her 2019 to 2021 claims for coverage. *See* Doc. 13, p. 3 (plaintiff conceding the "ship has sailed" for her to assert a Medicare claim). The lone exception is her request for coverage for a Group 4 power wheelchair; however, plaintiff does not deny that a claim regarding the wheelchair would be moot. The Complaint itself alleges that an administrative law judge granted Williams coverage for the wheelchair. *See Anderson v. Sebelius*, No. 5:09-CV-16, 2010 WL 4273238, at *3 (D. Vt. Oct. 25, 2010) ("[I]n a Medicare or Social Security case, mootness is measured by whether a claimant receives the benefits he or she is seeking.") (citing cases).

**IV.  Conclusion**

For the reasons set forth above, defendant's motion to dismiss (doc. 12) is GRANTED. This action is dismissed, and the Clerk of Court shall enter judgment in favor of defendant.


                                                s/ James L. Graham
                                                JAMES L. GRAHAM
                                                United States District Judge

DATE: August 22, 2024